IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIMOTHY LEE CREED,            )
                              )
       Plaintiff,             )
                              )
v.                            )      1:19CV451
                              )
JAMES M. WEBB, et al.,        )
                              )
       Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Timothy Lee Creed, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names as Defendants James M. Webb, who is a Moore County Superior Court judge, Herman G. Thompson, who is Plaintiff's former criminal defense attorney, and Moore County, North Carolina. Plaintiff seeks to hold Webb liable for various rulings and actions taken in multiple of Plaintiff's criminal cases between 1994 and 2018, to hold Thompson liable for actions related to his representation of Plaintiff in a criminal case in 1994, and to hold Moore County liable based on its alleged employment of Defendant Webb. Plaintiff seeks damages and the revocation of Defendant Webb's law license.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to review this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

As an initial matter, the Court notes that Plaintiff is attempting to undermine several of his criminal convictions. Plaintiff is not permitted to do this without first showing that such convictions have been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and, in fact, states at one point that he does not object if the Court wishes to treat his filing as containing a petition for a writ of error coram nobis attacking his convictions. Again, Plaintiff cannot use his filing under § 1983 to attack his criminal convictions, whether through error coram nobis or otherwise. Further, this Court has no jurisdiction to consider writs of error coram nobis regarding state court convictions. In re Egan, 339 F. App'x 314, 315 (4th Cir. 2009) (unpublished) ("The writ of error coram nobis may not be used to set aside a state conviction."); In re Shelton, 1 F. App'x 149 (4th Cir. 2001) (unpublished) (finding no federal jurisdiction under § 1651 to alter a state court judgment); Lowery v. McCaughtry, 954 F.2d 422 (7th Cir.1992); Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir.1982). For all of these reasons, Plaintiff's claims attacking his convictions should be dismissed.

4

To any extent that Plaintiff raises claims not calling his state court convictions into question, they still fail for multiple other reasons. The application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case is three years. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. Here, Plaintiff claims that most of the events in the case occurred far more than three years prior to his filing of this suit. Some occurred more than twenty years ago. The only exception appears to be a claim by Plaintiff that Defendant Webb mishandled a motion for appropriate relief filed by Plaintiff in 2018. All other claims are plainly barred by the statute of limitations and should be dismissed accordingly.

Next, Plaintiff names Defendant Webb based on actions he took in Plaintiff's criminal cases. However, Webb is a judge and judges have absolute immunity for their

5

judicial actions.  Stump v. Sparkman, 435 U.S. 349 (1978).  Plaintiff's claims against Defendant Webb should be dismissed for this additional reason.

Plaintiff also names his former defense attorney, Defendant Thompson, in this matter.  However, defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, Polk County v. Dodson, 454 U.S. 312, 324 (1981).  For this reason, Plaintiff cannot pursue this claim via § 1983 and, if he has a remedy against his former attorney, he must find it under the appropriate state law.

Finally, Plaintiff names Moore County as a defendant based on its alleged employment of Defendant Webb.  This claim fails for two additional reasons.  First, theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor or employer do not exist under § 1983.  Iqbal, 556 U.S. at 677.  Plaintiff alleges no direct action by the County.  Second, Moore County does not employ Defendant Webb in any event.  See Darling v. Falls, 236 F. Supp. 3d 914, 926 (M.D.N.C. 2017); N.C. Gen. Stat. § 7A-4 (creating a unified General Court of Justice in North Carolina); N.C. Gen. Stat. § 7A-130 (defining Superior Court Division of the General Court of Justice).  Moore County is not a proper Defendant and should be dismissed for this additional reason.

6

Case 1:19-cv-00451-NCT-JEP   Document 4   Filed 07/11/19   Page 6 of 7

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $2.87. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $2.87.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July of 2019, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

This, the 11th day of July, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge